**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4243**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE FERGUSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-04-13)

———————

Submitted:  February 22, 2006          Decided:  March 28, 2006

———————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary R. Hershner, Richmond, Virginia, for Appellant.   Paul J. McNulty, United States Attorney, Brian Lee Whisler, Olivia N. Hawkins, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwayne Ferguson appeals his conviction and 765-month prison sentence for conspiracy to distribute heroin and cocaine base in violation of 21 U.S.C. § 846 (2000), possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), maintaining a place for distribution of controlled substances in violation of 21 U.S.C. § 856 (2000), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000). Finding no reversible error, we affirm.

Ferguson first challenges the sufficiency of the evidence for his conviction. In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court has defined "substantial evidence," in the context of a criminal action, as that evidence which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

The Government presented sufficient evidence to prove that Ferguson directed the distribution of large quantities of cocaine and heroin. The Government established that Ferguson was

instrumental in obtaining and maintaining an apartment and a house in order to store and distribute drugs. Ferguson knew of the firearms possessed by members of the conspiracy, including four found by the police at the house. The jury reasonably accepted as sufficient the evidence to support Ferguson's conviction, and we have no authority to reweigh the evidence or disregard the jury's determination as to the credibility of the witnesses.

Ferguson next claims that the district court abused its discretion when it denied his motion for a mistrial. The decision whether to grant a motion for a mistrial is left to the broad discretion of the trial court. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). During the Government's questioning of a police detective, the Government asked when the police began focusing their investigation on Ferguson. While the district court sustained Ferguson's objection and instructed the jury to disregard the question, the court denied Ferguson's motion for a mistrial. The district court did not abuse its discretion because Ferguson failed to establish that the jury was prejudicially influenced by the Government's question. See United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992). Any prejudice suffered by Ferguson was cured by the district court's limiting instructions. See United States v. Francisco, 35 F.3d 116, 119 (4th Cir. 1994).

Ferguson next claims that the district court abused its discretion when it denied his motion for a continuance in order to

secure the testimony of Shirley Elliott. A district court's refusal to grant a continuance is reviewed for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983). Ferguson must show that the testimony sought was relevant and that he exercised due diligence. United States v. Clinger, 681 F.3d 221, 223 (4th Cir. 1982).

Roderick Parker lived at a halfway house before he joined the drug conspiracy and testified that when Ferguson visited him he did not check in or sign a visitor's log. Elliott allegedly would have testified that the policy of the halfway house was to have every visitor check in and sign the visitors log and Ferguson did not. The district court did not abuse its discretion because Ferguson failed to establish that Elliott's testimony was relevant. Elliott's testimony would have proven Ferguson's name was not in the visitor's log, but could not prove that Ferguson did not visit Parker. Regardless, the issue of whether or not Ferguson visited Parker was not worthy of a delay in the trial to secure Elliott's testimony, especially considering that Ferguson had time to subpoena Elliott before the end of the trial, but did not do so. The district court did not err in denying Ferguson's motion.

Ferguson also claims he was denied a fair trial due to comments made by the district court about witnesses and evidence. A new trial is required only if the court's conduct "whether in commenting or in interrogating witnesses during trial reaches such

a level of prejudice that it denied any or all the appellants a fair, as distinguished from a perfect, trial." United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983). We have reviewed the record and find no instances of improper comments by the district court, much less any improper comments that were prejudicial.

Ferguson also claims that the district court abused its discretion when it allowed a Drug Enforcement Administration agent to testify about the local drug trade. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Distribution and prices of drugs are not facts commonly known to a jury, and expert testimony offered to help the jury understand the quantity and use of the drugs is relevant to the charged offense. This court has allowed government agents and police officers to testify as drug experts in numerous cases about the drug trade. See e.g., United States v. Hopkins, 310 F.3d 145, 150-51 (4th Cir. 2002); United States v. Brewer, 1 F.3d 1430, 1435-36 (4th Cir. 1993). Thus, we find no abuse of discretion.

Ferguson next claims the district court erred when it denied his motion for a new trial. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). Ferguson claims that

Elliott's testimony at a post-trial motion hearing constituted new evidence worthy of a new trial. This evidence was not new evidence as Ferguson was aware of it and sought to enter the evidence during the trial but failed because he did not use due diligence to secure Elliott's testimony. In addition, the evidence was not newly discovered evidence because it was merely impeaching evidence. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Ferguson failed to establish any grounds for a new trial and the district court did not abuse its discretion.

Ferguson's final challenge is to the reasonableness of his sentence. He initially claims that his sentence was unreasonable because it was twice the sentencing guideline range. Because he failed to raise this claim below, we review it for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Ferguson does not claim the district court improperly calculated his guideline range for his convictions. Instead, his complaint appears to rest on the fact that his sentence for the firearm conviction ran consecutively to the drug conviction sentence. Ferguson utterly ignores, however, that his firearm conviction carries a minimum mandatory term of imprisonment of 360 months' imprisonment that, by statute, may not run concurrently with any other term of imprisonment, "including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was possessed." 18 U.S.C. § 924(c)(1)(B)(ii) and (D)(ii)

- 6 -

(2000).  We likewise reject as wholly unsupported by the record Ferguson's suggestion that the district court's sentence may have been tainted by impermissible racial considerations.  Accordingly, as the district court's sentence was both reasonable and within the statutorily prescribed range, the court did not commit plain error.

Accordingly, we affirm Ferguson's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED