**NOT FOR FULL-TEXT PUBLICATION**
File Name: 06a0273n.06
Filed: April 20, 2006

**NO. 05-5434**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                                       **ON APPEAL FROM THE**

v.                                **UNITED STATES DISTRICT
COURT FOR THE EASTERN**

BYRON WILLIS,                   **DISTRICT OF TENNESSEE**

        Defendant-Appellant.

_____/

BEFORE:    SUHRHEINRICH, ROGERS and COOK, Circuit Judges.

       **SUHRHEINRICH, Circuit Judge.**  Defendant Byron Willis appeals his sentence following

a guilty plea to one count of distributing powder cocaine. On appeal, Willis claims that the district

court failed to consider all of the factors listed in 18 U.S.C. § 3553(a). He also contends that his

sentence was unreasonable. For the following reasons, we **AFFIRM.**

**I.**

       Willis admitted the following facts at the time of his guilty plea. On September 29, 2000,

a court-authorized wiretap intercepted two telephone conversations between Troy Woodard and

Kwambe Bullard. The first call arranged a meeting place in Knoxville, Tennessee for Bullard to

purchase three kilograms of cocaine from Willis and Woodard. In the second call, Willis was heard

in the background discussing with Woodard and Bullard a safe place to make the exchange of drugs

and money.

       Agents of the Federal Bureau of Investigation and the Knoxville Police Department

surveilled the designated location. They observed Willis, Woodard, Bullard, and an unknown person exchanging $78,000 for three kilograms of cocaine. Willis and Woodard "brokered" the deal between Bullard and a person from Atlanta.

On May 6, 2003, Willis was charged in a three-count indictment along with codefendant Woodard. Count One charged that on or about September 29, 2000, Willis and Woodard, aided and abetted by one another, distributed 500 grams or more of a mixture and substance containing a detectable amount of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. Count Two charged an offense solely against Woodard, and Count Three charged that Willis and Woodard, aided and abetted by one another, used a communication facility to commit the drug offense alleged in Count One, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

On July 2, 2003, the government filed a notice of enhancement advising Willis that he was subject to a mandatory minimum ten-year sentence up to a statutory maximum sentence of life imprisonment because of his prior felony convictions.

On August 20, 2003, Willis pleaded guilty to Count One pursuant to a plea agreement. He also entered into a stipulation of facts in which he admitted his offense conduct.

The probation officer (PO), in the presentence report (PSR) determined that Willis was responsible for distributing three kilograms of powder cocaine, resulting in a base offense level of 28 under USSG §2D1.1. However, because Willis had two prior convictions for possession with intent to sell marijuana in excess of half an ounce but less than ten pounds,[1] the PO decided that he was a career offender under USSG § 4B1.1, making his base offense level 37. Willis received a

_____

[1]Willis received a sentence of one year in prison in each case. The sentence was suspended and Willis was placed on probation for four years.

three-point reduction for acceptance of responsibility, resulting in a total offense level of 34. As a career offender, Willis had a criminal history category of VI, resulting in a Guidelines range of 262 to 327 months.[2]

The district court continued sentencing pending the Supreme Court's resolution of *Booker*. *See United States v. Booker*, 543 U.S. 220 (2005). On March 4, 2005, Willis filed objections to the PSR, claiming that the Guidelines range was "unreasonable." On March 7, 2005, the district court held a sentencing hearing. At the hearing Willis argued that his Guidelines range overstated the seriousness of his criminal history and that the mandatory minimum of ten years would be the appropriate sentence. The government in response pointed out that the PSR demonstrated that Willis was arrested on August 5, 1988, for possession of marijuana with intent to sell, released on bond, and on November 1, 1988, was arrested again for the same offense conduct. Thus, according to the government, it was clear that the two prior drug offenses occurred on separate occasions, involved separate offense conduct, and demonstrated that Willis had failed to conform his conduct to the law after being duly warned. The government also pointed out that Willis's request for 120 months was inequitable in light of the fact that codefendant Woodard received 144 months imprisonment, after receiving a downward departure for substantial assistance in another drug trial.

The district court asked the parties to address the § 3553(a) factors justifying a sentence below the advisory range. The district court noted that although the range "seemed harsh," it was the result of Willis's two prior felony convictions.

The district court remarked that a mandatory minimum ten-year sentence failed to account

---

[2]If Defendant had not been deemed a career offender, his Guidelines range would have been 70-87 months, based on his criminal history category of III. But because the mandatory minimum was, 120 months, his sentence would have been at least 120 months' imprisonment.

for Willis's prior two drug convictions. Willis asserted that the prior convictions did not warrant the career offender status because they involved marijuana, which Willis claimed is a "less serious threat than cocaine." The district court did "[not] agree with that." After a brief recess, the district court made the following findings on the record:

> As everyone acknowledges, the advisory Guideline range is high in this case. But as the government counsel pointed out, it's high because of the defendant's misconduct in the past. As I said to [defense counsel], while it was marijuana versus cocaine, it was drug –it did involve illegal drugs. The court, for the purposes of coming up with the advisory guidelines range is hard-pressed to find a distinction for that purpose between the sale of marijuana and the sale of cocaine. Both are illegal, both were illegal at the time, and both, you know, cause significant problems in our society today.

> As the [AUSA] further pointed out, appears from the record that [defendant], in this instance, while the two convictions, he was given warning after the first one and then conducted a sale even after the first warning.

The district court stated that it was considered the advisory range as "the starting point," along with the other factors listed in § 3553(a), as part of the ultimate inquiry of "what is a reasonable sentence." The district court then found that:

> As I mentioned, with two felony drug convictions, irrespective of the type of drug, they are serious offenses, although I further note [that] the presentence report sets forth . . . that the conviction, the other convictions set out, I think as [defense counsel] pointed out, were all of a misdemeanor nature.

> I think, respectfully [defense counsel], with respect to your request for a ten-year sentence, I think, not only the appellate courts but myself, would find that to be *per se* unreasonable taking into fact–not *per se*, but would be unreasonable taking into consideration the factors set out in 3553(a), considering or including but not limited to the advisory guideline range, as well as we have the discussion about the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

> We have the discussion related to Mr. Woodard, and while he was sentenced pre-*Booker*, I think his actual sentence was[,] is[,] something–or it's a similar offense or similar conduct [that] does need to be taken into consideration.

When I weigh everything in this case, considering the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory guideline range as well as the other factors enlisted in 18 United States Code Section 3553(a)[,] in attempting to come to what I believe is a reasonable sentence, given all those facts, including in particular, but not limited to the advisory guideline range, I think that a sentence of 240 months would be appropriate in this case.

It is felt this sentence will afford adequate deterrence and provide just punishment.

The district court then asked the parties individually whether they had any objections. Specifically, the court asked, "Does the defendant have any objection to the sentence just pronounced that has not previously been raised?" Willis responded no. The district court again asked if Willis had anything further to say, and he again responded no. The district court then sentenced Willis to a term of imprisonment of 240 months. Willis appeals.

## II.

Willis argues that the district court presumed that the guidelines range was reasonable and failed to consider the other factors set out in § 3553(a), as required by *Booker*. He seeks a remand to allow the district court to give its reasons for the sentence imposed.

Because Willis failed to object to the sentence after it was pronounced, despite being given two opportunities to do so, he has forfeited appellate review of the alleged error. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (holding that the district court must expressly provide an opportunity for objections after imposing sentence, and that the defendant forfeits any objection not raised in response, review on appeal will be for plain error only). In *Bostic*, we explained the reason for imposing such a requirement:

Providing a final opportunity for objections after the pronouncement of sentence, "will serve the dual purpose[s] of permitting the district court to correct on the spot any error it may have made and of guiding appellate review." Requiring clear

articulation of any objection and the grounds therefor, "will aid the district court in correcting any error, tell the appellate court precisely which objections have been preserved and which have been [forfeited], and enable the appellate court to apply the proper standard of review to those preserved."

*Id.* at 873 (quoting *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir.), *cert. denied*, 498 U.S. 906 (1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)). Having failed to give the district court the chance to correct any error prior to appellate review, our review is limited. We review forfeited errors under the Rule 52(b) plain error standard. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (articulating the plain error standard as an error, that is plain and affects substantial rights, and further seriously affects the fairness or integrity of judicial proceedings).

Willis cannot demonstrate error, plain or otherwise, in of the district court's findings. Both of his arguments challenging the process by which the district court imposed sentence have been rejected by this Court. First, this Court recently held that a sentence that falling within the Guidelines range is presumed reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). *Williams* also ruled that although the sentencing judge must consider the list of sentencing factors articulated in § 3553(a), "[s]uch consideration . . . need not be evidenced explicitly." *Id.* Though explicit mention of the factors may facilitate review, this Court has never required "'the "ritual incantation" of the factors to affirm a sentence.'" *Id.* (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)). Rather, the *Williams* court reiterated that "'[t]he court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.'" *Id.* (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)).

Here, the district court began with the Guidelines range as "the starting point." The district

court also specifically discussed the nature and seriousness of the offense in rejecting Willis's claim that the nature of his prior crimes were less serious because they involved marijuana and not cocaine, and further observed that his second prior conviction followed on the heels of the first one. The court also expressed the need to avoid an unwarranted disparity between Willis's sentence and Woodard's. Although the court did not expressly mention all of the factors, it expressly indicated that it had considered them, and specified its reasoning on the record. It was not required to do more. *See Williams*, 436 F.3d at 709; *Johnson*, 403 F.3d at 816. Finally, although Willis tends to gloss over it, the district court did not merely default to the Guidelines range but imposed a sentence well below the range (240 months instead of the range minimum of 262). *See* 18 U.S.C. § 3553(a) (instructing district courts to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in that section). In sum, the record reflects that the district judge carefully reviewed and weighed all the relevant information, and specified its reasons for imposing the sentence it did. *See Williams*, 436 F.3d at 709; *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005); *cf. United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (stating that "*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors").

Nor was the sentence imposed unreasonable. The district court considered the Guidelines range, which was determined based on Willis's two prior felony drug convictions, a fact that the Sentencing Commission has deemed a significant factor warranting a substantial increase in the punishment of those similarly situated. As the government points out, the calculation of the advisory range for a career offender does not distinguish among the types of drugs involved in the prior drug offense, but instead imposes the increased punishment as to all felony convictions. In fact, Willis's

offense conduct in this case involved cocaine, not marijuana. The drug deal involved significant amounts of drugs and money, three kilograms of cocaine and $78,000. Willis admitted to "brokering" the deal. Despite these undisputed facts, the court still sentenced well below the Guidelines range. Furthermore, the district court selected the sentence in relation to that of codefendant Woodard's to avoid unwarranted disparity. *Cf. Foreman*, 436 F.3d at 644 (stating that "[n]ow, with the advisory Guidelines and more sentencing variables, appellate review is all the more important in assuring uniformity and sentencing disparities across the board").

## III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.