NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0307n.06
Filed: May 4, 2006

No. 05-2196

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| JOSE ESTEBAN IBARRA, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Before: GILMAN, SUTTON, and COOK, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Jose Esteban Ibarra, an undocumented alien, was convicted of the crime of being found in the United States without permission after having been deported following an aggravated felony conviction. The district court sentenced him to 46 months of imprisonment. Ibarra appealed, arguing that the sentence was unreasonable because the district court failed to adequately consider the factors listed in 18 U.S.C. § 3553(a). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

All of the facts in this opinion are taken from the Presentence Report, the accuracy of which Ibarra does not dispute. Ibarra is a Mexican citizen who first came to the United States illegally in the mid-1980s. He married a United States citizen in 1988. Although immigration officials

approved his "Petition for Alien Relative" shortly thereafter, Ibarra failed to apply for a permanent resident visa. This caused his visa registration to expire in 1995.

Ibarra has a long record of criminal offenses. In 1989 and 1992, Ibarra was arrested and convicted of his first and second offenses for drunk driving. Both incidents escalated when Ibarra struggled and fought with police officers, the second incident resulting in an assault and battery conviction after Ibarra repeatedly struck an officer and reached for the officer's firearm. In 1993, Ibarra was convicted of "attempted criminal sexual conduct—second degree" involving his step-daughter, and was sentenced to 180 days in jail. He was sentenced to 30 days in jail for a domestic violence offense in 1994. Two years later, he was again convicted of drunk driving. In 1996, 1998, and 2003, Ibarra was convicted of four separate offenses for driving while his license was suspended. Another domestic violence conviction, for which Ibarra was sentenced to 30 days in jail, occurred in 1996. In 2001, Ibarra was convicted of failing to register as a sex offender.

Ibarra was deported in March of 2004. Shortly thereafter, in September of 2004, Ibarra illegally reentered the United States by walking across the Arizona border. In January of 2005, he was convicted of failing to register as a sex offender, an offense for which he was sentenced to 60 days in jail. Ibarra was indicted in March of 2005 on the federal charge of being found in the United States without permission after having been deported subsequent to an aggravated felony conviction—here, the 1993 conviction for attempted criminal sexual conduct—second degree. *See* 8 U.S.C. § 1326. He pled guilty to the charge pursuant to a written plea agreement. The statutory maximum sentence for this offense is 20 years of imprisonment. 8 U.S.C. § 1326(b)(2).

At sentencing, Ibarra's counsel called attention to the fact that Ibarra had not been convicted of any drug or firearm offenses, and downplayed the seriousness of Ibarra's offenses other than the

conviction for criminal sexual conduct. Counsel "ask[ed] the Court to sentence him, if not below the 46-month guideline, certainly no more than the 46." According to counsel, a 46-month sentence "would be certainly a very sufficient sentence under the factors . . . for this type of offense."

The district court then stated:

Taking a look at his total record and the requirements of 18 United States Code, Section 3553(a) and also considering the fact that I can—and the guidelines are advisory to me—but, as I just said in the last sentencing, the guidelines cover many, if not most, of the factors set forth in 18 United States Code 3553(a), especially number 1, the nature and circumstance[s] of the offense and the history and characteristics of the defendant, which are set forth, of course, in the offense level and in the criminal history category. And then the guidelines also try to take into account subsection 2 of that 3553(a).

But considering his criminal history—and drunk driving, although not an intentional act, is a very dangerous act. Domestic violence, which creates the opportunity, and probably the most dangerous opportunity, for a lot of violence. I mean, domestic violence seems to be the cause of most murders and puts police officers in a lot of danger—a sentence within the guideline range I think would be appropriate.

And the sentence will be 46 months incarceration, three years of supervised release, I'll waive the fine, restitution is not an issue, $100 special assessment.

Ibarra's counsel did not object to the sentence imposed by the district court.

On appeal, Ibarra's only claim is that the 46-month sentence imposed by the district court is unreasonable because the court failed to discuss most of the sentencing factors enumerated in 18 U.S.C. § 3553(a). The government responds that the sentence is "patently reasonable" and should be affirmed.

## II. ANALYSIS

We review sentences imposed under the now-advisory Sentencing Guidelines regime for reasonableness. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005) (reviewing a sentence for reasonableness). In *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), this

court held that "sentences properly calculated under the Guidelines [are credited] with a rebuttable presumption of reasonableness." *Williams* recognized that the sentencing judge still must consider the 18 U.S.C. § 3553(a) sentencing factors, but concluded that "[s]uch consideration . . . need not be evidenced explicitly." *Id.*

A week after *Williams* was decided, this court held in *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), that the rebuttable presumption of reasonableness "does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2)." *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), decided a week after *Foreman*, further illuminated the duties of the sentencing court. According to *Richardson*, sentencing courts have an obligation to "explain to the parties and the reviewing court its reasons for imposing a particular sentence." *Id.* at 554. This explanation need not include a recitation of the § 3553(a) factors, "but must articulate [the district court's] reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *Id.* (citation and quotation marks omitted).

Turning to the present case, the district court sentenced Ibarra at the low end of the applicable 46 to 57 month Guidelines range. Ibarra does not challenge the calculation of the Guidelines range or the fact that his 46-month sentence fell within that range, thus triggering the rebuttable presumption of reasonableness called for by *Williams*. *See Williams*, 436 F.3d at 708.

Ibarra cannot rebut the presumption of reasonableness in this case because the record demonstrates that the district court explicitly mentioned § 3553(a) and discussed several of its factors. The district court started by noting that the Guidelines incorporate the first sentencing

factor—that is, the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Also taken into account by the Guidelines, according to the district court, were the second set of sentencing factors contained in § 3553(a)(2). These factors include "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)

The court then went on to speak specifically about the offenses that Ibarra had committed in the past that were troubling. It stated that drunk driving—for which Ibarra had thrice been convicted—was "a very dangerous act." Domestic violence, according to the court, "creates . . . probably the most dangerous opportunity . . . for a lot of violence . . . [and] seems to be the cause of most murders and puts police officers in a lot of danger." This history of Ibarra engaging in dangerous criminal acts clearly weighed heavily in his sentencing, both to the extent that it was incorporated into the Guidelines sentence and to the extent that the district court explicitly commented on Ibarra's past. Because of this history, the district court held that "a sentence within the guideline range I think would be appropriate," and then sentenced Ibarra to the bottom of that range.

Ibarra makes much of the fact that the district court did not explicitly consider the other factors, but "this court has never required the 'ritual incantation' of the factors to affirm a sentence." *Williams*, 436 F.3d at 709. Further, Ibarra "identifies no factor from § 3553(a) that would render his sentence unreasonable." *Id*. at 708. The very fact that the district court made mention of "the requirements of 18 United States Code, Section 3553(a)" during the sentencing hearing is itself a

strong indication that all of the factors were taken into account, even if not specifically discussed.

Under these circumstances, we hold that the sentence imposed by the district court was reasonable.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.