NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0349n.06
Filed: May 16, 2006

No. 05-1990

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANDRES CARRILLO-HERNANDEZ, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GILMAN, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Defendant Andres Carrillo-Hernandez pleaded guilty to being an alien illegally present in the United States after having been deported following an aggravated felony conviction. 8 U.S.C. § 1326(a). The district court sentenced him to 27 months' imprisonment and three years' supervised release. Carrillo-Hernandez now appeals, arguing the sentence imposed was unreasonable because the district court failed to consider the factors listed in 18 U.S.C. § 3553(a). We affirm the sentence.

I.

Though deported to Mexico after a drug trafficking conviction, Carrillo-Hernandez illegally re-entered the United States. Eventually he was arrested for failing to stop and identify himself after being involved in a "hit-and-run" automobile accident.

A federal grand jury then indicted Carrillo-Hernandez, charging him with one count of being an alien illegally "present in the United States after having been deported subsequent to an aggravated felony conviction," in violation of 8 U.S.C. § 1326(a). Carrillo-Hernandez pleaded guilty to the charge pursuant to a written plea agreement. The PSR determined the offense level to be 17, and the criminal history to be Category II, resulting in an advisory-Guidelines range of 27-33 months. Carrillo-Hernandez did not object to the contents of the PSR, but did file a sentencing memorandum asking for leniency in sentencing.

The district court sentenced Carrillo-Hernandez to 27 months' imprisonment and three years' supervised release. After announcing the sentence, but before adjourning the hearing, the district court asked both parties if there were any objections; neither raised one.

II.

A.

Generally, we review sentences imposed under the now-advisory Sentencing Guidelines regime for reasonableness. *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). The government, however, suggests that where a defendant fails to object to the reasonableness of a

sentence after the court provides him an opportunity to raise such an objection, we should review the matter for plain error. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (holding that the district court must expressly provide an opportunity for objections after imposing sentence, and any objections not raised in response are forfeited and subject to plain error review on appeal).

A recent, albeit unpublished, case from this circuit adopted the government's suggestion. *See U.S. v. Willis*, No. 05-5434, 2006 WL 1043937 (6th Cir. Apr. 20, 2006). In *Willis*, the defendant argued the unreasonableness of his sentence, citing the district court's failure to adequately consider the factors listed in 18 U.S.C. § 3553(a). We held that because the defendant "failed to object to the sentence after it was pronounced, . . . he . . . forfeited appellate review of the alleged error," and we reviewed for plain error. *Id.* at *3 (citing *Bostic*, 371 F.3d at 872-73); s*ee also United States v. Lopez-Flores*,–F.3d–, No. 05-2274, 2006 WL 1000810, at *3 (10th Cir. Apr. 18, 2006) (reviewing for plain error where defendant failed to challenge, as unreasonable, the district court's method of arriving at a post-*Booker* sentence); *U.S. v. Ferguson*, No. 05-4243, 2006 WL 786817, at *3 (4th Cir. Mar. 28, 2006) ("Ferguson's final challenge is to the reasonableness of his sentence. . . . Because he failed to raise this claim below, we review it for plain error."). *But see United States v. Ibarra*, No. 05-2196, 2006 U.S. App. LEXIS 11120, at *5-6 (6th Cir. May 4, 2006) (reviewing challenge to post-*Booker* sentence for reasonableness despite defendant's failure to object, but not discussing plain error standard of review).

Demonstration of plain error requires, of course, an error, that is plain, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). We need not decide here whether the plain-error standard applies because even if it does, we still must, as a threshold matter, review Carrillo-Hernandez's post-*Booker* sentence for reasonableness. And, as we discuss below, our affirming of the reasonableness of his sentence forecloses Castillo-Hernandez from "demonstrat[ing] error, plain or otherwise." *Willis*, 2006 WL 1043937 at *3.

B.

Carrillo-Hernandez confines his argument regarding reasonableness to the limited consideration by the district court of § 3553(a) factors. In *United States v. Richardson*, 437 F.3d 550, 554-55 (6th Cir. 2006), we confirmed that a sentencing court, even when selecting a presumptively reasonable sentence, must explain its reasons for imposing that particular sentence, although such explanation need not include a recitation of the § 3553(a) factors.

Given the presumption of reasonableness we accord to sentences properly calculated under the Guidelines, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), and given that the sentencing court:

- considered "the history and characteristics of the defendant" by recounting Carrillo-Hernandez's prior arrests and convictions, 18 U.S.C. § 3553(a)(1);

- considered the "nature and circumstances of the offense," *id.*, and discussed the need for the sentence imposed to afford adequate deterrence, mentioning that "this [sentence] will be a big wake up call," 18 U.S.C. § 3553(a)(2)(B);

- considered the need to "avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), when it refused to adopt the "fast-track program";

- acknowledged its ability to vary from the Guidelines, 18 U.S.C. § 3553(a)(4); and

- concluded that 27 months' imprisonment and three years' supervised release was an appropriate sentence;

we find the district court met its obligation to consider the § 3553(a) factors in imposing sentence.

Thus, the sentence imposed was reasonable, and accordingly, Castillo-Hernandez cannot demonstrate any error (plain or otherwise) in the court's consideration of the § 3553(a) factors.

III.

We affirm the district court.