**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6733

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE FERGUSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:04-cr-00013-REP-1)

Argued:  October 26, 2022                    Decided:  November 29, 2022

Before WILKINSON, THACKER and RICHARDSON, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion, in which Judge Wilkinson and Judge Richardson joined.

**ARGUED:**  Ann M. Reardon, ANN REARDON LAW PLC, Richmond, Virginia, for Appellant.  Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Raj Parekh, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

THACKER, Circuit Judge:

While serving his federal sentence, Dwayne Ferguson ("Appellant") asked the warden of the facility where he was incarcerated to file a motion for compassionate release on his behalf. After the warden denied his request, Appellant moved for compassionate release in federal district court. In addition to the arguments for compassionate release that Appellant presented to the warden, which were related to his medical condition, Appellant's motion for compassionate release in the district court included arguments that his convictions and sentence were unlawful.

The district court denied Appellant's motion. First, the district court determined that Appellant had not exhausted his administrative remedies as to the arguments about his convictions and sentence because he had not raised them in his request to the warden. The district court also concluded that those arguments could not sustain a compassionate release motion because to consider them would usurp the existing procedures for a defendant to challenge his conviction and/or sentence.

Although we agree with Appellant that he was not required to include the arguments about his convictions and sentence in his request for compassionate release to the warden, we agree with the district court that Appellant cannot challenge the validity of his convictions and sentence through a compassionate release motion. Accordingly, we affirm the district court's denial of Appellant's compassionate release motion.

I.

In September 2004, a jury found Appellant guilty of five federal offenses stemming from his involvement in a drug trafficking operation, and he was sentenced to a total of

2

765 months of imprisonment in February 2005. This total included a mandatory minimum sentence of 30 years for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Appellant's convictions and sentence were upheld on direct appeal. *United States v. Ferguson*, 172 F. App'x 539 (4th Cir.) (per curiam), *cert. denied*, 549 U.S. 926 (2006).

For more than a decade, Appellant lodged challenges to his convictions and sentence via various means, including two 28 U.S.C. § 2255 motions. Although his requests for relief were largely unsuccessful, in October 2016 the district court granted Appellant's motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2) and reduced Appellant's sentence to 622 months of imprisonment due to a retroactive change to the applicable United States Sentencing Guidelines ("USSG").

On May 15, 2020, Appellant submitted a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) to the warden of the facility at which he was then incarcerated. Appellant asked to be released because he was "at a heightened risk for death due to the global pandemic known as the coronavirus (COVID-19)" due to his asthma and high blood pressure. J.A. 138.[1] The warden denied Appellant's request in a letter dated May 26, 2020.

Shortly afterward, on June 8, 2020, Appellant filed a pro se § 3582(c)(1)(A) motion in the district court. In addition to asserting that his asthma and high blood pressure enhanced his risk of death from contracting COVID-19, Appellant argued that he should

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

not have been sentenced to the mandatory minimum 30 years of imprisonment for his conviction on Count Seven of the indictment, which charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), because the indictment did not allege that he possessed a silencer. At Appellant's request, the district court appointed counsel to assist him in prosecuting his compassionate release motion, and on January 21, 2021, Appellant, through counsel, filed another § 3582(c)(1)(A) motion. In this second motion, Appellant made the same arguments as he made in his pro se motion and the following additional arguments:

- The district court failed to instruct the jury that Appellant's possession of the silencer was an element of the offense on Count Seven.

- The United States (the "Government") failed to inform Appellant of the applicable penalty on Count Seven at his arraignment.

- Appellant's Guidelines range was calculated incorrectly.

- Appellant's trial counsel was ineffective by (1) failing to subpoena a witness; (2) incorrectly advising Appellant of the applicable Guidelines range; (3) failing to object to the calculation of the Guidelines range as to Count Seven; and (4) incorrectly informing Appellant that he faced the same penalty by going to trial as pleading guilty.

4

The district court denied Appellant's compassionate release motion on April 29, 2021. Appellant timely appealed.

## II.

Before turning to the arguments Appellant makes in this appeal, we pause to address our jurisdiction to review the district court's denial of Appellant's compassionate release motion. *See Hyman v. City of Gastonia*, 466 F.3d 284, 286 (4th Cir. 2006) ("We have an obligation to inquire into jurisdictional issues *sua sponte*."). Although we have never previously explained the basis of our jurisdiction to review rulings on such motions, we have exercised appellate jurisdiction over motions brought under a similar provision, 18 U.S.C. § 3582(c)(2), pursuant to *both* 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000) (§ 3742(a)); *United States v. Munn*, 595 F.3d 183, 186 (4th Cir. 2010) (§ 1291). We now follow the lead of several of our sister circuits and hold that 28 U.S.C. § 1291 confers our appellate jurisdiction to review the district court's denial of a compassionate release motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021), *reh'g granted*, 29 F.4th 816 (6th Cir. 2022) (mem); *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021); *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021); *United States v. Vangh*, No. 20-1901, 2021 WL 2934764, at *1 (8th Cir. July 13, 2021) (per curiam); *United States v. Long*, 997 F.3d 342, 350–52 (D.C. Cir. 2021). *But see United States v. Bridgewater*, 995 F.3d 591, 594 (7th Cir. 2021) (asserting jurisdiction pursuant to both § 1291 and § 3742(a)(1)).

5

We believe that § 1291, which gives us broad authority to hear "appeals from all final decisions of the district courts of the United States," is a better fit for compassionate release motions than § 3742(a), which permits a criminal defendant to appeal "an otherwise final sentence" in one of four statutorily enumerated circumstances. While some of these circumstances could potentially overlap with the arguments a defendant makes in his compassionate release motion, § 3742(a) could also deprive us of jurisdiction to consider other arguments, such as those relating to a defendant's advanced age or deteriorating medical condition, which have historically been the hallmark of compassionate release motions. "[W]e interpret our jurisdiction under § 3742(a) narrowly." *United States v. Hill*, 70 F.3d 321, 324 (4th Cir. 1995). It would thus be difficult for any defendant to wedge arguments about his advanced age or deteriorating medical condition into one of the statutorily enumerated circumstances pursuant to which we may review his sentence. For instance, that a defendant is nearing 80 while incarcerated does not mean that his sentence "was imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(2), or "is greater than the sentence specified in the applicable guideline range," *id.* § 3742(a)(3).

Moreover, 18 U.S.C. § 3582(c) provides a mechanism for a district court to "modify" an *existing* sentence, rather than impose a *new* sentence. *See Dillon v. United States*, 560 U.S. 817, 825 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence . . . ." (alteration and internal quotation marks omitted)). But as the D.C. Circuit has observed,

6

§ 3742(a) "contemplates only procedures imposing sentences initially or through resentencing. . . . [It] says nothing about the 'sentence modification' procedures set out in [§] 3582(c)(2) or in any other type of post-imposition adjustment in sentences." *Long*, 997 F.3d at 351. There is not a new sentence when the district court denies a defendant's motion for compassionate release, since the defendant's sentence remains the one that the district court initially imposed. Therefore, if § 3742(a) were the source of our appellate jurisdiction, then we would be limited to considering appeals of compassionate release motions only if those motions were *granted*. But we review both grants and denials of compassionate release pursuant to an abuse of discretion standard. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam). Only § 1291 affords us the power to do that.

As such, we possess jurisdiction to consider the district court's denial of Appellant's compassionate release motion pursuant to § 1291.

### III.

### A.

Moving on to the arguments Appellant makes in this appeal, Appellant first argues that the district court erred when it held that he failed to administratively exhaust the non-medical arguments in his compassionate release motion because he did not raise them in his request for compassionate release to the warden of his facility. We review this issue de novo. *See United States v. Muhammad*, 16 F.4th 126, 127 (4th Cir. 2021) (addressing administrative exhaustion requirement in compassionate release context as statutory interpretation issue and reviewing de novo); *see also Custis v. Davis*, 851 F.3d 358, 361

7

(4th Cir. 2017) ("We review de novo a district court's dismissal for failure to exhaust available administrative remedies.").

"A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to this rule that permits the sentencing court to reduce a defendant's sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and the reduction aligns with "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable" as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A criminal defendant may move for compassionate release in federal district court "on [his] own behalf, so long as [he] first appl[ies] to" the federal Bureau of Prisons (the "BOP") for such relief. *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The district court in this case determined, "if the defendant does file for compassionate release, he must do so in accord with applicable rules." *United States v. Ferguson*, No. 3:04-cr-13, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021). However, according to the district court, "where a defendant files claims with the Warden of a prison, he is obligated to pursue the administrative process and that includes the filing of all his claims at the same time." *Id.*

The district court's pronouncement was incorrect because § 3582(c)(1)(A) "outlines two routes" for requesting compassionate release in the district court, "one of which does not require exhaustion of administrative remedies." *Muhammad*, 16 F.4th at 131.

8

Specifically, the defendant may move for compassionate release "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*."   18 U.S.C. § 3582(c)(1)(A) (emphases supplied).   Stated differently, "the threshold requirement" to file a compassionate release motion is "satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Muhammad*, 16 F.4th at 131 (emphases in original).[2]  In short, the defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release. Therefore, we see no reason to limit his motion for compassionate release in the district court to only those grounds for compassionate release he identified in his request to the BOP.

For that reason, the Government's attempt to compare § 3582(c)(1)(A) to the administrative exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), is unavailing.  That statute prohibits a prisoner from filing suit about prison conditions "until such administrative remedies as are available are exhausted."  42

---

[2] Appellant did not wait 30 days from the date of his submission to the warden (May 15, 2020) before filing his motion for compassionate release in the district court on June 8, 2020.  But the Government has not pressed this argument, and we decline to independently address it.  *See Muhammad*, 16 F.4th at 130 ("We conclude . . . that [§ 3582(c)(1)(A)'s] requirement that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule. . . . Because the requirement is not jurisdictional, it may be waived or forfeited.").

U.S.C. § 1997e(a).  In other words, the PLRA mandates administrative exhaustion in *all* cases, at least where administrative remedies are "available."  *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that § 1997e(a) requires "proper exhaustion").  The PLRA was also intended "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id.* (alteration and internal quotation marks omitted).  But allowing a defendant to file his own § 3582(c)(1)(A) motion was intended to do the opposite: "Congress amended § 3582(c)(1)(A) to remove the [BOP] from its former role as a gatekeeper over compassionate release petitions" because the BOP was making so little use of its authority to request compassionate release on an inmate's behalf.  *McCoy*, 981 F.3d at 276 (internal quotation marks omitted).  Therefore, the policy considerations that underlie administrative exhaustion in the PLRA context are simply not present in the compassionate release context.

Moreover, issue exhaustion typically derives from the language of the governing statute or regulation.  *See Sims v. Apfel*, 530 U.S. 103, 107–08 (2000).  But neither § 3582(c)(1)(A) nor the BOP's compassionate release procedures expressly require issue exhaustion.  As we have already said, the statute allows a criminal defendant to bring a compassionate release motion in district court even without exhausting his administrative remedies with the BOP.  *See Muhammad*, 16 F.4th at 131.  And the BOP regulation setting forth the procedures for making a compassionate release request, 28 C.F.R. § 571.61(a)(1), simply obligates the inmate to include "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" in his request to the warden of his facility

10

-- it does not purport to apply to the inmate's request to the district court or limit the district court's consideration to only those reasons identified to the BOP.

And, in the absence of a statutory or regulatory issue exhaustion requirement, the Supreme Court has cautioned against judicially imposing such a requirement in a non-adversarial administrative proceeding. *Sims*, 530 U.S. at 109–10 ("[T]he desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding. . . . Where . . . an administrative proceeding is not adversarial, we think the reasons for a court to require issue exhaustion are much weaker."). The compassionate release process at the BOP level is non-adversarial, and the BOP is not adjudicating the merits of the inmate's request for compassionate release but rather determining whether to use government resources to ask for compassionate release on the inmate's behalf. Accordingly, *Sims* counsels against imposing an issue exhaustion requirement in the compassionate release context.

We hold that § 3582(c)(1)(A) does not require issue exhaustion. The district court erred when it concluded that it could not consider Appellant's non-medical arguments because he did not raise them in the request for compassionate release that he made to the BOP.

### B.

The district court also rejected Appellant's non-medical arguments for compassionate release on another, distinct basis: it determined that those arguments were in substance a collateral attack on Appellant's convictions and sentence and noted that the

11

proper vehicle for such a challenge is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence. The district court concluded that arguments challenging the validity of a conviction or sentence could not, as a matter of law, constitute "extraordinary and compelling reasons warranting compassionate release." *United States v. Ferguson*, No. 3:04-cr-13, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021). We generally review the district court's denial of a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam). But we review the district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *See United States v. McCoy*, 981 F.3d 271, 280 (4th Cir. 2020) (reviewing de novo statutory interpretation issue about meaning of "extraordinary and compelling reasons" in § 3582(c)(1)(A)).

When the BOP moves for compassionate release on a criminal defendant's behalf, the federal Sentencing Guidelines -- specifically, the application notes to USSG § 1B1.13 -- limit the district court to considering only the defendant's medical condition, age, and family circumstances and "other reasons" identified by the BOP when determining whether there are "extraordinary and compelling reasons" meriting compassionate release. However, those application notes do not apply to a motion filed by a defendant on his own behalf. *McCoy*, 981 F.3d at 284. Accordingly, when adjudicating such a motion, the district court is "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* (alteration and internal quotation marks omitted) (emphasis deleted). Appellant argues that those reasons include arguments that a defendant's sentence should be reduced because his conviction is unlawful.

12

But Appellant's attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so. Namely, 28 U.S.C. § 2255 is "[t]he exclusive remedy" for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, "unless [§ 2255] is inadequate or ineffective," in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e). *United States v. Simpson*, 27 F. App'x 221, 224 (4th Cir. 2001) (Traxler, J., concurring); *Farkas v. Warden, FCI Butner II*, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255. There is one exception: If § 2255 appears 'inadequate or ineffective,' then § 2255(e) provides that a federal prisoner may apply for a writ of habeas corpus under § 2241.").

Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements. "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . ."). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Winestock*, 340 F.3d at 203 (citing *Calderon v. Thompson*, 523 U.S. 538, 553

13

(1998)). In other words, no matter how an inmate characterizes his request for relief, the substance of that request controls. If in substance he attacks his conviction and/or sentence, his filing is subject to the rules set forth in § 2255. "Insisting that defendants use the correct process to challenge their convictions and sentences," as the district court did here, "is not empty formalism." *United States v. Sanchez*, 891 F.3d 535, 539 (4th Cir. 2018).

Appellant compares the arguments in his compassionate release motion to those made by the defendants in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), and *United States v. Zullo*, 976 F.3d 228 (2d Cir. 2020), which we cited favorably in *McCoy*, but those comparisons are inapt. The defendants in *McCoy* argued that a change in the sentencing law that occurred after their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform to that change. 981 F.3d at 275. And the defendant in *Zullo* argued that he qualified for a sentence reduction pursuant to § 3582(c)(1)(A) due to "his (apparently extensive) rehabilitation," his "age at the time of the crime[,] and the sentencing court's statements about the injustice of his lengthy sentence." 976 F.3d at 238. By contrast, the arguments Appellant makes in his § 3582(c)(1)(A) motion constitute quintessential collateral attacks on his convictions and sentence that must be brought via § 2255. Appellant's arguments are clearly different in kind from the arguments made by the defendants in *McCoy* and *Zullo* because they would require the district court, in determining whether "extraordinary and compelling reasons" for compassionate release exist, to evaluate whether Appellant's convictions -- and particularly his conviction on Count Seven -- were valid. "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and

14

sentence by filing a motion to vacate [their] sentence pursuant to 28 U.S.C.[] § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Appellant suggests that pursuing his arguments in a § 2255 petition would be futile because, as the Government points out, such a petition would be both successive and untimely. But these restrictions are precisely why Appellant cannot use § 3582(c)(1)(A) to avoid the exclusive remedy that § 2255 provides. To be sure, we have explained, "the very purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is *not* a specific statute that already affords relief but 'extraordinary and compelling reasons' nevertheless justify a reduction." *McCoy*, 981 F.3d at 287 (emphasis in original). But in this case, there *is* such a statute: § 2255. "[T]he remedy afforded by § 2255 is not rendered inadequate or effective" -- meaning that a defendant cannot use § 2255(e)'s savings clause to file a § 2241 motion -- "merely because an individual has been unable to obtain relief under [§ 2255] or because [he] is procedurally barred from filing a § 2255 motion." *Vial*, 115 F.3d at 1194 n.5 (internal citations omitted). That same principle applies in the compassionate release context. The fact that Appellant may be procedurally barred from raising his arguments in a § 2255 petition does not qualify as an "extraordinary and compelling reason[]" for compassionate release.

Our reasoning is consistent with that of the vast majority of our sister circuits to have considered the question. The majority of our sister circuits have, as we do today, held that the procedures set forth in § 2255 are the appropriate vehicle for a defendant's challenge to his federal conviction and/or sentence. *See, e.g., United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022); *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022)

15

(per curiam); *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021); *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *see also United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *United States v. Miller*, 855 F. App'x 949, 950 (5th Cir. 2021) (per curiam); *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam).

In fact, only the First Circuit disagrees. In *United States v. Trenkler*, the First Circuit explained that since the application notes to USSG § 1B1.13 do not constrain the district court when it addresses a compassionate release motion filed by a defendant, the district court may consider any factors that, within its discretion, it deems appropriate. 47 F.4th 42, 48 (1st Cir. 2022). Of course, as Appellant points out, we made this same holding in *McCoy*. *See* 981 F.3d at 284. But the First Circuit takes the principle farther, positing that the district court need not construe compassionate release motions that seek to collaterally attack a sentence as habeas petitions because "correct application of the 'extraordinary and compelling' standard for compassionate release naturally precludes classic post-conviction arguments, without more, from carrying such motions to success." *Trenkler*, 47 F.4th at 48. Even assuming that district courts will correctly apply that standard in every case, we are not persuaded by the First Circuit's failure to grapple with the reality that addressing a defendant's argument about the validity of his conviction or sentence in connection with a compassionate release motion -- and then granting the motion on that basis -- would have the practical effect of correcting a purportedly illegal sentence, a remedy that is exclusively within the province of § 2255.

16

Therefore, we hold that a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence. The district court in this case correctly identified Appellant's non-medical arguments in his compassionate release motion as such challenges and properly denied relief.

IV.

The district court's denial of Appellant's compassionate release motion is

*AFFIRMED*.