**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 05a0216n.06**
**Filed: March 25, 2005**

**No. 03-4584**


**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

    **Plaintiff-Appellee,**

**v.**

**CHARLES HARDEN,**

    **Defendant-Appellant.**

                                /

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

**ORDER**


**BEFORE:    COLE and CLAY, Circuit Judges; HOOD, District Judge.**[*]

Defendant Charles Harden appeals the sentence imposed by the district court after pleading guilty to use of a firearm during a crime of violence (armed bank robbery), in violation of 18 U.S.C. § 924(c) and § 2. Because it was undisputed that Harden was a career offender pursuant to U.S.S.G. § 4B1.1(a), the resulting sentencing range for Harden's offense, under U.S.S.G. § 4B1.1(c)(3), was 262 to 327 months, which is comparable to the range set for non-career offenders who have an offense level of 34 and a criminal history category of VI. The district court ultimately sentenced Harden to a term of months substantially lower than the authorized maximum of 327 months because it departed downward three offense levels (to level 31) based on the government's and

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

Harden's respective motions pursuant to U.S.S.G. § 5K1.1. Due to the downward departure, the applicable guideline range was 188 to 235 months. The court then sentenced Harden at the very bottom end of that range: 188 months.

In his initial brief, Harden argued that the district court mistakenly believed that it lacked the discretion to depart downward on several grounds, including that the Guideline range for imprisonment for career offender status over-represented his criminal conduct and criminal history. In response to the U.S. Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), Harden proffered the additional argument that he should be resentenced because the district court erroneously believed that it was obligated to follow the Federal Sentencing Guidelines with regard to his career offender designation and other requests for downward departure. Upon review of the record, we agree that Harden's sentence must be vacated and remanded in light of *Booker*. *See United States v. Barnett*, 398 F.3d 516, 530-31 (6th Cir. 2005).

**IT IS SO ORDERED.**