**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0586n.06
Filed: August 16, 2006

No. 05-4079

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| CHARLES HARDEN, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**Before: MOORE and SUTTON, Circuit Judges; and KATZ,** [*] **District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Charles Harden

pleaded guilty to use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and

§ 2 for his involvement in the robbery of a credit union in West Carrollton, Ohio, in January 2003.

Harden was originally sentenced to 188 months of imprisonment in September 2003 under the then-

mandatory Sentencing Guidelines. Harden appealed this sentence, and we remanded for

resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). Harden submitted additional

written arguments to the district court for consideration upon resentencing, and the district court

conducted a resentencing hearing on July 22, 2005, at the conclusion of which the district court

again imposed a sentence of 188 months. Harden now appeals, arguing that his sentence is both

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of
Ohio, sitting by designation.

procedurally and substantively unreasonable. Because we conclude that the district court's failure to explain more thoroughly the basis of its sentencing determination was not plain error and Harden's sentence was substantively reasonable in light of the § 3553(a) factors and the advisory Guidelines, we AFFIRM Harden's sentence.

## I. BACKGROUND

The facts in this case are undisputed. On May 13, 2003, Defendant-Appellant Harden pleaded guilty to one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. The incident leading to Harden's indictment and this plea occurred on January 9, 2003, when Harden and another man, Juan Johnson, robbed the River Valley Credit Union in West Carrollton, Ohio of over $18,000 while brandishing a sawed-off shotgun. After fleeing the scene of the robbery and making a stop at an apartment complex, Harden, Johnson, and a Ms. K'Inda Anderson became involved in a high speed automobile chase with law-enforcement personnel on Interstate 75 and U.S. Route 35. After causing between twelve and fourteen accidents, the car in which Harden was a passenger crashed, and Harden and the two others were apprehended by the police.

The Presentence Investigation Report ("PSR") prepared in Harden's case recommended that Harden be designated a career offender pursuant to U.S.S.G. § 4B1.1, because he had two prior felony convictions for crimes of violence.[1] The district court conducted a sentencing hearing on August 29, 2003, at which time the district court heard arguments both from Harden's attorney and the government about various sentencing issues, including a possible downward departure from the

---

[1]In 1991, Harden was convicted of committing an aggravated robbery with a firearm specification, and in 1995, Harden was convicted of aggravated arson for a fire he started in his jail cell.

2

PSR's recommended Guidelines range of 262 to 327 months. Prior to this sentencing hearing, Harden submitted a sentencing memorandum and a motion for a downward departure, arguing that (1) the career offender designation overstated Harden's actual past criminal conduct; (2) Harden's history as an informant who assisted police in foiling robberies supported a downward departure for substantial assistance; (3) the criminal conduct in the instant offense was so atypical that it was "outside of the heartland" of the Guidelines range; and (4) police misconduct during Harden's arrest supported a downward departure.[2] Joint Appendix ("J.A.") at 23-29 (Aug. 2003 Sentencing Mem. and Mot. for Downward Departure).

At the August 2003 sentencing hearing, Harden presented Detective Mark Bilinski, a detective with the Dayton Police Department, as a witness in support of his request for a downward departure for substantial assistance. Bilinksi testified that information that Harden provided to police in December of 2002 had allowed police to prevent a robbery and obtain the convictions of the persons involved. Bilinski also testified that until Harden's involvement in the instant robbery in January 2003, Harden had been "totally truthful" with him and that Bilinksi had been "more than happy with his cooperation." J.A. at 163-64 (Aug. 2003 Sentencing Hr'g Tr. at 29-30).

The district court conducted a second sentencing hearing on September 19, 2003. At that time, the district court determined that Harden met the career offender designation in § 4B1.1 because of his prior aggravated robbery and aggravated arson convictions, and the court determined

---

[2]Harden proffered to the district court that Dayton Police Officer Andrew Clark struck him in the head with his gun during his arrest, even though Harden was motionless on the ground at the time. Harden argued that this incident was videotaped, and that it led to the dismissal of the police officer. Harden also argued that the incident "caused a severe laceration of the defendant's ears that required significant stitche[s] to re-attach." J.A. at 28 (Aug. 2003 Sentencing Mem. and Mot. for Downward Departure at 6).

that Harden's total offense level was thirty-four and that his criminal history category was a VI. These determinations produced an initial Guidelines range of 262 to 327 months of imprisonment.

The district court accepted the government's request for a downward departure pursuant to U.S.S.G. § 5K1.1 for a two-point deduction in Harden's offense level to a thirty-two,[3] and also granted Harden's request for an additional departure for substantial assistance, bringing his total offense level down to thirty-one. J.A. at 27 (Aug. 2003 Sentencing Mem. and Mot. for Downward Departure at 5) (arguing the defense's position that the district court can depart further than the government recommends and stating Harden's request for an additional departure for substantial assistance); J.A. at 200 (Sept. 2003 Sentencing Hr'g Tr. at 12) (stating that the court considered the motion for substantial assistance to be "well founded" and that it "is going to grant the Defendant a reduction of three offenses levels, to a level thirty-one."). The district court then sentenced Harden to 188 months of imprisonment, which was at the bottom of that Guidelines range of 188 to 235 months. J.A. at 203 (Sept. 2003 Sentencing Hr'g Tr. at 15); *United States v. Harden*, 124 F. App'x 429 (6th Cir. 2005) (unpublished order).

Harden appealed this sentence, and because Harden was sentenced under a mandatory-Guidelines framework, we vacated and remanded his sentence in light of *Booker*. *Harden*, 124 F. App'x at 430. Prior to his resentencing, Harden submitted additional written arguments to the district court in which he repeated his arguments that the career-offender designation overstated his

---

[3]The basis of the government's motion for a departure for substantial assistance was not Harden's alleged assistance to Bilinski prior to this instant offense, but the assistance that Harden "provided to the law enforcement officials following the bank robbery at the River Valley Credit Union in assisting them in locating the sawed off shotgun that had been thrown out of the fleeing get away car within a residential neighborhood in the City of Dayton." J.A. at 181-82 (Aug. 2003 Sentencing Hr'g Tr. at 47-48).

4

past criminal conduct, that he had provided substantial assistance to the government, that the criminal conduct in the instant offense was so atypical that it was "outside of the heartland" of the Guidelines range, and that police misconduct warranted a below-Guidelines sentence. J.A. at 110-121 (Position of Def. With Respect to Sentencing). Harden also argued that the district court should resentence him to a below-Guidelines sentence because the ten-year mandatory-minimum sentence pursuant to § 924(c)(1)(B)(i) was "sufficient, but not greater than necessary" to comply with the purposes of sentencing outlined in 18 U.S.C. § 3553(a). J.A. at 122-24 (Statement of Reasons); J.A. at 211 (Resentencing Hr'g Tr. at 4). The district court conducted a resentencing hearing on July 22, 2005, and after hearing arguments from both parties, the district court resentenced Harden to 188 months of imprisonment. The district court also reimposed a four-year term of supervised release and ordered Harden to make restitution of $2,080.00 to the River Valley Credit Union, jointly and severally with his co-defendants. Harden filed a timely notice of appeal.

## II. ANALYSIS

We review Harden's sentence for reasonableness. *Booker*, 543 U.S. at 261; *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Harden argues that his sentence of 188 months of imprisonment is both procedurally and substantively unreasonable. We address Harden's procedural-unreasonableness claim first.

### A. Procedural Reasonableness

Harden argues that his sentence was procedurally unreasonable because the district court did not explain its application of the § 3553(a) factors when sentencing him. After the district court announced that it was resentencing Harden to 188 months but before concluding his resentencing hearing, the district court asked both parties whether they had "any objections that were not

5

previously raised," to which both counsel responded in the negative. J.A. at 230 (Resentencing Hr'g Tr. at 23). The district court therefore complied with our procedural rule in *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), and Harden did not raise the issue of the procedural inadequacies of the district court's sentencing determination at that time. Under these circumstances, Harden has forfeited his right to object to the procedural reasonableness of his sentence, and so we will review his procedural-reasonableness claim for plain error. *Id.* at 873. *See also United States v. Carroll*, No. 05-6292, 2006 WL 2042652, at *3-4 (6th Cir. July 19, 2006) (unpublished opinion) (reviewing defendant's procedural-reasonableness claim for plain error where *Bostic*'s procedural rule was followed by the district court); *United States v. Carrillo-Hernandez*, No. 05-1990, 2006 WL 1342670, at *1-2 (6th Cir. May 16, 2006) (unpublished opinion) (suggesting but not deciding that plain-error review of post-*Booker* sentences is appropriate when district court follows *Bostic*'s procedural rule); *United States v. Willis*, No. 05-5434, 2006 WL 1043937, at *3 (6th Cir. Apr. 20, 2006) (unpublished opinion) (applying *Bostic* to defendant's procedural-reasonableness claim). In order for the procedural inadequacies alleged by Harden to be plain error, "there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (alterations in original) (citations and internal quotation marks omitted).

We explained in *Webb* that when reviewing a post-*Booker* sentence for reasonableness, we review:

> not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. Thus, we

6

may conclude that a sentence is unreasonable when the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.

*Webb*, 403 F.3d at 383 (footnote omitted). While a district court need not engage in a ritualistic incantation of the § 3553(a) factors in order to render a reasonable sentence, *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005), the sentencing judge "must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). "[T]hat a district court need not use the magic words, 'I specifically considered 3553(a)(1) . . .' is not a license for district courts to sentence without developing a sufficient record for appellate courts to review." *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006). "A district court's failure to explicitly consider the section 3553(a) factors without other evidence in the record demonstrating that they were thoroughly considered by the district court would result in a procedurally unreasonable sentencing determination requiring us to vacate and remand for resentencing." *Id.*

Our review of the record reveals that, in resentencing Harden, the district court failed to meet these procedural requirements. While the court repeatedly stated that it had considered the § 3553(a) factors as well as the advisory Guidelines, J.A. at 225-26, 228 (Sentencing Hr'g Tr. at 18-19, 21), the record lacks "sufficient evidence . . . to affirmatively demonstrate the court's consideration of them." *McBride*, 434 F.3d at 475 n.3. A district court's perfunctory statement that it has considered the § 3553(a) factors, even when repeated, does not relieve the court of its obligation to explain how the factors informed its ultimate determination. Absent from the district court's statement of reasoning is any application or explanation of the various § 3553(a) factors, despite the fact that, in written and oral arguments, both Harden and the government had made arguments based upon

7

specific § 3553(a) factors. We are left guessing about which § 3553(a) factors the district court found to be relevant, and how those factors related to its sentence of 188 months. "To the extent that the court hides its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court's sentencing determination." *Id*.

Further supporting Harden's procedural-unreasonableness claim is the fact that the record is devoid of any indication of why the district court rejected Harden's arguments for the mandatory minimum sentence of 120 months. Harden argued to the district court before resentencing that a 120-month sentence was appropriate in light of the § 3553(a) factors for three reasons: (1) because the career offender designation overstated his criminal history; (2) because the instant offense was outside the heartland of the Guidelines; and (3) because Harden was a victim of police misconduct during his arrest. We have explained that in order for us to conduct a meaningful appellate review for reasonableness, a sentencing judge must "communicate clearly its rationale for imposing the specific sentence," and that the record must also reflect that the "judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). While the record indicates that the district court did consider Harden's argument that his criminal history was overstated, J.A. at 227-29 (Resentencing Hr'g Tr. at 20-22), the district court gave absolutely no explanation of why it rejected this argument. The district court merely stated that it "does not believe that criminal history was overstated." *Id*. at 229.

The record is also silent about whether the district court considered Harden's other two arguments about the unusual circumstances of the instant offense and the police misconduct, and why the court apparently also rejected them. In addition, there is no evidence in the record that the district court ever considered Harden's argument that the 120-month mandatory-minimum sentence

8

was sufficient to meet the sentencing purposes or why the district court concluded that a 120-month sentence was insufficient. The district court's conclusory and unexplained rejection of Harden's arguments does not provide Harden with an understanding of why the court rejected his arguments or allow us to "intelligently determine whether the specific sentence is indeed reasonable." *Richardson*, 437 F.3d at 554.

For the above reasons, we find the district court's explanation of why it resentenced Harden to 188 months to be inadequate in light of our post-*Booker* procedural-reasonableness requirements. Nevertheless, we conclude that in these circumstances, the district court's failure to explain more fully the basis of its sentencing determination does not rise to the level of plain error. We assume that the first three prongs of the test for plain error are met — that there was error that was plain and that the error affected Harden's substantial rights — and consider the fourth prong to determine whether or not we should exercise our "discretion to notice a forfeited error." *Johnson*, 520 U.S. at 466-67. Weighing the explanation that the district court did provide for its sentencing determination as well as the arguments that the defendant made, we cannot conclude that the district court's failure to provide greater detail about its rationale "seriously affect[ed] the fairness, integrity, or public reputation of" Harden's sentencing proceedings such that we should exercise our discretion. *Id*. We reject Harden's procedural-reasonableness claim.

## B. Substantive Reasonableness

When reviewing post-*Booker* sentences for reasonableness, we not only review the sufficiency of the district court's reasoning beyond its sentencing determination for procedural reasonableness, but we also review the length and terms of a defendant's sentence for substantive reasonableness. *Webb*, 403 F.3d at 383 (stating that we review the reasonableness of the length of

9

a defendant's sentence as well the district court's procedures in determining a defendant's sentence).

When reviewing the substantive reasonableness of a sentence, we consider the sentence in light of the § 3553(a) factors, the advisory Guidelines range, and whether the sentence is "sufficient, but not greater than necessary to comply with the purposes set forth in [§ 3553(a)(2) ]." *United States v. Yopp*, 453 F.3d 770, 774 (quoting 18 U.S.C. § 3553(a)) (alteration in original). A sentence might be substantively unreasonable if the district court "bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors, or [gave] an unreasonable amount of weight to any pertinent factor." *Webb*, 403 F.3d at 385.

Harden argues that his 188-month sentence is substantively unreasonable in light of the § 3553(a) factors. Harden's failure to renew his objections to the within-Guidelines sentence at the conclusion of his sentencing hearing in response to the district court's compliance with the *Bostic* procedural rule does not create a forfeiture issue in regards to his substantive-reasonableness claim, because Harden had already raised his arguments about the length of his sentence and his objections to a within-Guidelines sentence repeatedly before the district court. He had no obligation to make a renewed rejection on these same grounds.

When reviewing a post-*Booker* sentence for substantive reasonableness, we credit a within-Guidelines sentence with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Harden urges us to conclude that in light of the § 3553(a) factors, namely the "the nature and circumstances of the offense and the history and characteristics of the defendant" factor of § 3553(a)(1), that he has rebutted this presumption of reasonableness. We remain unpersuaded.

Harden's sentence reflects the more mitigating circumstances of his offense and his criminal history, as the district court granted him a greater departure for substantial assistance than that requested by the government, producing a significantly lower advisory range. Harden was then sentenced at the very bottom of that already-reduced Guidelines range. The district court determined that, in light of the § 3553(a) factors and the advisory Guidelines range after the court's additional downward departure, a sentence of 188 months struck a reasonable balance between lenity for Harden's mitigating circumstances and severity for the seriousness of the crime.

While we might have arrived at a different sentencing determination based upon our interpretation of the pertinent § 3553(a) factors, we cannot conclude that the district court's sentence of 188 months of imprisonment is unreasonable in light of these factors. While Harden's sentence is lengthy, the nature and circumstances of his offense were extremely serious. 18 U.S.C. § 3553(a)(1)-(2)(A). Harden committed an armed robbery of a bank and then fled the police, resulting in a high-speed chase that caused a dozen or more automobile accidents and exposed many others to the risk of harm. Although Harden had previously assisted the authorities in foiling robberies, his decision to participate in this instant robbery and subsequently to flee was entirely his own. His sentence provides appropriate deterrence for others contemplating such a serious offense. 18 U.S.C. § 3553(a)(2)(B). That Harden was sentenced within the advisory Guidelines range also ameliorates our concern about "disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Furthermore, our careful review of the record does not reveal any evidence that the district court considered impermissible factors, ignored any pertinent factors, or was unreasonably influenced by any particular factor. *Webb*, 403 F.3d at

11

385.  In light of the § 3553(a) factors, we cannot conclude that Harden's 188-month sentence of imprisonment was substantively unreasonable.

### III.  CONCLUSION

Because we conclude that the district court's failure more thoroughly to expound on its sentencing rationale was not plain error and that Harden's sentence of 188 months of imprisonment was substantively reasonable, we AFFIRM Harden's sentence.