NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0090n.06
Filed: February 6, 2007

No. 05-2120

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DUAYNE SAFFORE, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Appellant. | ) | |

Before: GILMAN and SUTTON, Circuit Judges; and TARNOW, District Judge.*

SUTTON, Circuit Judge. Duayne Saffore challenges his 188-month sentence for distributing crack cocaine within 1,000 feet of a school. Because the sentence is reasonable, we affirm.

I.

On February 8, 2005, a grand jury issued a nineteen-count superseding indictment against Saffore and several co-defendants. The indictment charged Saffore with distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii), conspiracy to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and distribution of five grams or more of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Saffore pleaded guilty to the last charge, in exchange for which the government dropped the first two charges.

The district court determined that an advisory guidelines range of 188–235 months applied to Saffore and sentenced him at the bottom of the range—188 months. The court rejected Saffore's request for a downward variance to the statutory minimum—60 months. On appeal, Saffore challenges the reasonableness of his sentence, both as a matter of procedure and substance.

II.

We review his procedural challenge for plain error. After announcing its sentencing decision, the district court asked, "Are there any reasons why the tentative sentence the Court has just stated should not be imposed, other than the arguments you've already made?" JA 100; *see United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Saffore's counsel replied that there were not. *See United States v. Harden*, 195 F. App'x 382, 385 (6th Cir. Aug. 16, 2006) (reviewing sentence for plain error because defendant "did not raise the issue of the procedural inadequacies of the district court's sentencing determination" when asked the *Bostic* question); *United States v. Carroll*, 189 F. App'x 450, 454 (6th Cir. July 19, 2006) (same); *United States v. Willis*, 176 F. App'x 653, 656–57 (6th Cir. Apr. 20, 2006) (same).

Saffore resists this conclusion on the ground that he sought a shorter sentence below, thus preserving his right to challenge the reasonableness of the sentence. But that proves only that he preserved his right to challenge the substantive reasonableness of the sentence, not its procedural

propriety. No doubt, Saffore need not have said anything more in response to the *Bostic* question about the substantive reasonableness of the sentence because his point had already been made. *See United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005) ("Since the district court will already have heard argument and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence, we fail to see how requiring the defendant to then protest the term handed down as unreasonable will further the sentencing process in any meaningful way."). But the same is not true with respect to the procedural reasonableness of the sentence. The *Bostic* question, we noted, "serve[s] the dual purposes of permitting the district court to correct on the spot any error it may have made and of guiding appellate review." 371 F.3d at 873 (internal quotation marks and brackets omitted). After a trial court has attempted to touch each of the procedural bases for imposing a sentence after *Booker*, it is both fair and sensible for the trial court to expect counsel for the defendant or the government to respond to the *Bostic* question by identifying any procedural flaws in the sentence (*e.g.*, the failure to explain why the court is rejecting an argument or the failure explicitly to mention a relevant sentencing factor) at a time when the flaws may most readily be corrected.

Nor does this requirement compel counsel to rehash all of the arguments they already have made. The question here, for example, was whether there were any reasons why the sentence should not be imposed "other than the arguments you've already made." Under these circumstances, Saffore's procedural challenge to the sentence receives plain-error review, *see Carroll*, 189 F. App'x at 454, while his substantive challenge to it receives traditional reasonableness review, *see United*

*States v. Torres-Duenas*, 461 F.3d 1178, 1182–83 (10th Cir. 2006) ("[W]hen the defendant fails to object to the method by which the sentence was determined . . . we review only for plain error. But when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue.") (internal citations omitted).

A.

To ensure procedural reasonableness, we ask whether the district court appreciated the advisory nature of the guidelines, correctly calculated the applicable guidelines range and considered the guidelines range along with the other relevant § 3553(a) factors in crafting a sentence. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006). The district court satisfied these requirements and thus did not commit plain error. Acknowledging that the guidelines are "advisory," it explained that it must "tak[e] the factors in 18 U.S.C. Section 3553 into account" to determine "whether the defendant should be sentenced to a period of imprisonment either greater than or less than that which is recommended in the guidelines." JA 96. The court also correctly calculated the applicable guidelines range, a point that Saffore does not contest.

The district court next considered each of the relevant § 3553(a) factors. It addressed the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), stating that it did not "derive any pleasure whatsoever from sending somebody that's 32 years old, and is articulate, and has five dependents, to jail for 15 years," but that Saffore's status as a "career offender" counseled in favor of such a lengthy sentence. JA 97. It explained that the sentence needed "to reflect the seriousness

of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), observing that Saffore "doesn't seem to even care where he does his drug dealing," JA 97—in this instance within 1,000 feet of a school attended by one of his children. The court's discussion of Saffore's criminal history and the location of this drug crime (near a school) also addresses § 3553(a)(2)(C), which asks the court to impose a sentence "to protect the public from further crimes of the defendant."

The court also discussed "the kinds of sentences available" for Saffore's crime, 18 U.S.C. § 3553(a)(3), noting that it had "considered a sentence of probation" but that the existence of a statutory minimum precluded such a sentence. JA 99. At the same time, the court accounted for this factor, as well as Saffore's history and characteristics, in imposing a fine of $1,950. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The court acknowledged that the guidelines called for a fine of $15,000 to $4,000,000, but it imposed the reduced fine after considering the defendant's financial condition. The court also ordered Saffore to begin paying the fine after his release from prison, observing that "he will be able to work in prison" but that "the Court believes that those modest earnings should be used to support his children to the best of his ability." JA 99. The court, finally, considered "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment," 18 U.S.C. § 3553(a)(2)(D), by recommending that Saffore "participate in substance abuse counseling and any educational or vocational programming that is offered." JA 98.

Saffore persists in arguing that the district court erred in seeking to impose a "reasonable" sentence. JA 96. In one sense, he is right: A district court's job is not to impose a "reasonable" sentence but one that accounts for the § 3553(a) factors and one that is "sufficient, but not greater than necessary, to comply with the purposes" set out in § 3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006); *United States v. Buchanan*, 449 F.3d 731, 740 (6th Cir. 2006) (Sutton, J., concurring). But, as we have held on several occasions, a district court's statement that it was seeking to impose a "reasonable" sentence by itself does not establish reversible error, much less plain error. *See United States v. Cruz*, 461 F.3d 752, 755–56 (6th Cir. 2006); *United States v. Davis*, 458 F.3d 505, 511 (6th Cir. 2006); *United States v. Gale*, 468 F.3d 929, 933 n.4 (6th Cir. 2006).

Invoking our decision in *United States v. Jackson*, 408 F.3d 301 (6th Cir. 2005), Saffore next complains that the district court merely parroted his personal characteristics "without any accompanying analysis" of how these characteristics supported the sentence imposed. *Id*. at 305. *Jackson* offers a poor analogy to this case, however. There, we reviewed a sentencing order that enumerated seven characteristics of the defendant without "any reference to the applicable Guidelines provisions or further explication of the reasons for the particular sentence imposed." *Id*. Here, the district court explained that it did not "derive any pleasure whatsoever from sending somebody that's 32 years old, and is articulate, and has five dependents, to jail for 15 years. But," the court continued, "Mr. Saffore meets every single definition that one could come up with for being a career offender. And not only that, but he doesn't seem to even care where he does his drug

dealing. So it does appear to me that the guideline range is reasonable." JA 97. Nor is Saffore correct in suggesting that our review requires a check-list inquiry into the connection of every § 3553(a) factor to the defendant. All that we require is "sufficient evidence in the record to affirmatively demonstrate the court's consideration of" the factors, *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006), a standard that the district court met in this case.

In his last procedural challenge to the sentence, Saffore contends that the district court failed to consider mitigating arguments in support of his request for a statutory-minimum sentence of 60 months and failed to explain why it did not impose a lower sentence. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). We do not agree.

The mitigation evidence came from two sources—Saffore's sentencing memorandum and third-party letters submitted to the district court. The sentencing memorandum focused on Saffore's "acceptance of responsibility, sincere remorse, and desire for rehabilitation." JA 79. As evidence, it pointed to his "voluntary plea of guilty without the benefit of a plea agreement and desire for drug treatment." *Id*. It also claimed that he had already been rehabilitated, because he "desire[d] to take this opportunity to correct his addiction and to make sure he never again [became] involved in illegal conduct." JA 81. The letters, Saffore's counsel explained, were meant to show that Saffore had been employed and thus could be a productive member of society and that he was a good father and son.

The transcript from the sentencing hearing offers several indications that the trial court both

considered this evidence and adequately explained why it did not warrant a lower sentence. The court explained that it had "reviewed" the submitted letters and that they would "be taken into account." JA 90. Saffore's counsel acknowledged the point, stating that "the Court has indicated that [it has] looked at [the letters] and considered" them. *Id*. And while announcing the sentence, the district court stated that it had "carefully considered" the arguments made "extensively in [the] sentencing memorandum." JA 97.

The court also adequately explained why it imposed a 188-month sentence rather than the 60-month sentence that Saffore requested. Before imposing the sentence, the court expressed skepticism about Saffore's alleged remorse while engaging him in an extended colloquy about his criminal history. During this exchange, the court stated, "I'm just trying to figure out where this remorse comes from? Does it come from getting caught or does it come from being remorseful over what you did? Because you've been around the block before, you've done some hard time, yet that didn't deter you from doing drugs." JA 94. The court acknowledged Saffore's acceptance of responsibility by granting a three-level reduction in offense level. And the court addressed Saffore's desire for rehabilitation both by imposing a sentence at the bottom of the guidelines range and by recommending that he participate in substance-abuse counseling. The court's recognition that it did not "derive any pleasure whatsoever from sending somebody that's 32 years old, and is articulate, and has five dependents, to jail for 15 years" shows its appreciation of the contents of the letters. And the court's explanation for why it nonetheless imposed a 15-year sentence, rather than a 5-year sentence, immediately followed: "But Mr. Saffore meets every single definition that one could come

up with for being a career offender. And not only that, but he doesn't seem to even care where he does his drug dealing." JA 97.

This record reveals—both to us and to the defendant—why the district court did not sentence Saffore to a below-guidelines sentence. *Richardson,* 437 F.3d at 554 (noting that a trial court's "explanation" assures "that the defendant can understand the basis for rejecting" his arguments and "that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable"). The district court questioned the sincerity of Saffore's remorse, explained that any mitigating personal characteristics were outweighed by Saffore's criminal history and the nature of his offense and expressed hope that the sentence it imposed would advance Saffore's rehabilitation. And just as the district court need not explicitly mention each § 3553(a) factor, it need not explicitly mention each of the defendant's arguments so long as the record reveals that they were considered and that the sentence was adequately explained. That is particularly true with a request like this one—that the court impose a 60-month sentence, rather than a 188-month sentence. A court's thorough explanations for imposing a 188-month sentence, as here, necessarily offer a reviewing court and the defendant a window into the trial court's explanations for rejecting the 60-month request. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("When a district court adequately explains *why* it imposed a particular sentence . . . we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was *not* selected—in every instance."); *United States v. Jones*, 445 F.3d 865, 871 (6th Cir. 2006) (explaining that *Richardson* requires "that a sentencing judge must explain to the parties and the reviewing court its reasons for

imposing a particular sentence," not that "a sentence within the applicable Guidelines range"

becomes reversible error "whenever a district judge does not explicitly address every defense

argument for a below-Guidelines sentence").

B.

Saffore also comes up short in challenging the substantive reasonableness of his 188-month

sentence, which lies at the bottom of the recommended guidelines range, is nearly four years below

the maximum guidelines sentence and is nearly 65 years below the statutory maximum. In view of

Saffore's lengthy criminal history, it was reasonable for the district court to question his remorse and

his rehabilitation in the short interval between his arrest and the sentencing hearing. And it was

reasonable for the district court to conclude that Saffore's criminal history and willingness to deal

drugs near a school outweighed his redeeming personal qualities such as his desire to be a good

father and his potential to be a productive member of society.

Saffore also argues (1) that the career offender guideline is unreasonable when applied to

"low-level recidivist drug trafficking offenders," Br. at 20, and (2) that Saffore's choice to sell

cocaine near a school should not factor into the sentencing decision because he ensured that "no drug

transactions were made when children were around," Br. at 21. As to the first argument, the record

belies Saffore's claim that he was low-level offender. Evidence introduced at the sentencing hearing

showed that Saffore "was the top guy in the indictment," was "looking to do larger quantities" and

"was the one the others went to for their drugs." JA 95. Saffore did not object to these

characterizations, and the presentence report supports the assertion that he sold greater quantities of drugs than his co-conspirators.  As to the second argument, it was not unreasonable for the district court to observe that Saffore did not "seem to even care where he does his drug dealing," JA 97, when Saffore told the probation officer during his presentence interview that "he was not thinking about" the nearby school (which his children attended) and that "he should have thought more about the schools and children," JA 124.

III.

For these reasons, we affirm the district court's sentence.