**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0765n.06
Filed: October 29, 2007

**Case No. 06-1114**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| THOMAS D. TEEPLE, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: BATCHELDER and MOORE, Circuit Judges; MILLS[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Defendant-Appellant Thomas D. Teeple appeals the 96 month sentence imposed by the district court following Teeple's guilty plea to voluntary manslaughter in the death of Jason Lyons. The district court imposed a non-Guidelines sentence that is 39 months longer than the advisory Guidelines maximum. Teeple argues that the district court erred in imposing the sentence because it is both procedurally and substantively unreasonable. Because the district court imposed a sentence sufficient, but not greater than necessary, which is procedurally and substantively reasonable, we affirm the district court's sentence.

**I. BACKGROUND**

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

On September 10, 2004, Teeple, his wife, Jordana Teeple, and Dan Bennett, a friend, attended a party on the Bay Mills Indian Reservation, Michigan, after visiting a bar. Many of the partygoers had been drinking quite a bit and several arguments and fights broke out. Teeple admitted that he consumed 4-5 beers that evening. Teeple's friend, Dan Bennett, began arguing with several women at the party, whereupon Lyons stepped into the argument and punched Bennett twice. These same women then began arguing with Teeple. Witnesses at the party said that Teeple struck at least two of the women, but Teeple denied this. In any event, Lyons once more interjected himself into the fray and began to argue with Teeple. Teeple asserted that one of the women pulled out a knife, and Teeple, in response, pulled out his own knife.

At this point, Lyons threw his beer at Teeple and the two men began fighting. Ultimately, Lyons fell backwards and collapsed to the ground, having been stabbed by Teeple three times: twice in the chest with one wound piercing the left lung and the other penetrating the heart (the fatal wound) and once in the left thigh. The Government alleged that one witness overheard Teeple say "This is for Dan."

Teeple and his wife then fled. One witness stated that as he left, Teeple threatened the witness with a knife. Officers nearby heard screams from witnesses and quickly arrived at the scene. They attempted to stop Teeple as he drove away with his wife, but Teeple ignored their orders to stop until he was confronted with a police car approaching from the opposite direction. Teeple was then arrested. The officers searched the area about 300-400 yards away from the party and recovered the knife Teeple had used to stab Lyons.

The Government charged Teeple with second degree murder in the death of Lyons, but subsequently amended the charge to voluntary manslaughter, a violation of 18 U.S.C. § 1112.

2

Teeple pleaded guilty to voluntary manslaughter on July 15, 2005.

On December 19, 2005, the district court held a sentencing hearing. At the hearing, the district court relied on the pre-sentence investigation report ("PSR") to determine Teeple's base offense level of 22 with a criminal history category of II, which placed him in a Guidelines range of 46 to 57 months' imprisonment (under the 2003 Guidelines). Both parties' objections to the PSR were resolved prior to its being finalized, and neither party objected to the court's adoption of the PSR. Teeple argued for a sentence at the low-end of the Guidelines range, 46 months, while the Government argued for a sentence outside the Guidelines range—in fact, the Government sought the statutory maximum of 10 years (120 months).

At sentencing, the Government alleged that Teeple had pulled his knife out earlier that same evening in the parking lot of a bar. During the cross-examination of a psychologist called by Teeple, the Government elicited testimony that Teeple had told the psychologist that (1) Teeple, his wife and Dan Bennett were in Teeple's car in a night club parking lot, (2) that Bennett yelled out the window at some people walking in the street, and (3) that Teeple took the knife out of the glove box of his car and put it into his pocket because he thought he needed to protect himself.

Upon hearing testimony from Teeple's psychologist and Teeple himself, as well as testimony from several of Lyons's family members, the court considered both the Guidelines range and the § 3553(a) factors before imposing Teeple's sentence.

> It is true that the defendant did pull that knife out of the glove box earlier in the evening. It also is true that he tried to—and did . . . throw the knife away after the stabbing.
>
> . . . .
>
> It does look like the defendant may have been trying to avenge the beating that Dan

3

Bennett had received. And, of course, it has to be said here that . . . Mr. Lyons himself was involved in this. He was not an angel in this event here. I mean, we do know that he punched out Mr. Bennett. He probably was drinking, as well. And at some point, . . . I think he threw beer at [Teeple].

Concerning Teeple himself, the court considered Teeple's "lengthy juvenile record, six convictions, as well as a burglary conviction as an adult, with a violation of probation on that charge." Despite the psychologist's opinion that Teeple's risk of recidivism is low, the court concluded that it must consider the public and "the need to protect the public from further crimes of the defendant." The court acknowledged that there "was a time period of about three or four years there where [Teeple] did not apparently engage in criminal activity, but he sure did in this case." "And I kind of view this as a continuation of his activity—his criminal activity—a continuation of the pattern of criminal activity, although admittedly a different form of criminal activity than what he had done previously." "Another consideration is, of course, the defendant admittedly does have a substance abuse problem, and unless he gets control of this, he will continue to be in trouble in one form or another . . . . I think the defendant does need plenty of time to receive substance abuse treatment."

As to the nature and circumstances of the offense, the court noted the tragic nature of the situation for all involved, including Teeple, and noted that Teeple "did take the life of a person whom he really did not know and who was not armed. And while . . . he has pled to voluntary manslaughter, the circumstances of how this happened show that the defendant was capable of forming some degree of intent at the time that this occurred." "[T]here has to be a recognition here of the seriousness of the offense. You can't get more serious than killing somebody, obviously."

The court concluded that in light of the § 3553(a) factors it had discussed, a non-Guidelines

4

sentence was warranted.  The district court sentenced Teeple to 96 months' imprisonment, a 39

month upward variance from the top of the Guidelines range.  Teeple did not object to his sentence,

but filed a timely notice of appeal.

## II.  STATEMENT OF JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 because Teeple was charged

with offenses against the laws of the United States.  We have jurisdiction over the appeal under 28

U.S.C. § 1291.

## III.  ANALYSIS

When sentencing a defendant, the district court must impose "'a sentence sufficient, but not

greater than necessary, to comply with the purposes'" of 18 U.S.C. § 3553(a)(2), *United States v.*

*Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)), and on appeal, this

Court must review the district court's sentence for reasonableness.  *See United States v. Booker*, 543

U.S. 220, 261 (2005); *United States v. Lonnie Davis*, 458 F.3d 505, 510 (6th Cir. 2006)

("Reasonableness is the *appellate* standard of review in judging whether a district court has

accomplished its task.") (citation omitted).

### A.  Procedural Reasonableness

"We review [Teeple's procedural unreasonableness] claim for plain error because [Teeple]

failed to object to the district court's § 3553 analysis at the sentencing hearing, despite the fact that

the district court provided [Teeple] with the opportunity to object." *United States v. Blackwell*, 459

F.3d 739, 773-74 (6th Cir. 2006); *see also United States v. Harden*, 195 F. App'x 382, 385 (6th Cir.

2006) (applying plain error review to defendant's procedural unreasonableness claim when defendant

failed to object to procedural inadequacies at sentencing).  "To establish plain error, [Teeple] must

5

show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected [Teeple's] substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Abboud*, 438 F.3d 554, 583 (6th Cir. 2006) (citation and internal punctuation omitted).

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). While this Court has consistently required district courts to consider § 3553(a) factors, procedural reasonableness "does not require a rote listing," *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006), or a "'ritual incantation' of the factors," *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)), so long as the court provides "sufficient evidence in the record to affirmatively demonstrate [its] consideration of [the factors]," *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) (citation omitted), "'to allow for reasonable appellate review.'" *Williams*, 436 F.3d at 709 (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)).

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Moreover,

> [w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief

6

explanation; sometimes they will call for a lengthier explanation. Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so.

*Id*.

Here, the district court expressly adopted the PSR and the Guidelines recommendation as part of the record (§ 3553(a)(4)). It also expressly addressed (1) the nature and circumstances of the offense (§ 3553(a)(1)); (2) Teeple's history and characteristics (§ 3553(a)(1)); (3) the seriousness of the offense (§ 3553(a)(2)(A)); (4) the need to protect the public from Teeple (§ 3553(a)(2)(C)); (5) the need to provide Teeple with needed medical care/correctional treatment to combat his substance abuse (§ 3553(a)(2)(D)); and (6) the need to provide restitution to Lyons's family and the Indian reservation (§ 3553(a)(7)). While not examining every § 3553(a) factor, the district court provided sufficient evidence in the record to affirmatively demonstrate its consideration of the § 3553(a) factors.

Teeple argues that the district court reached a procedurally unreasonable sentence because it disregarded or ignored mitigating information Teeple submitted to the court (in the form of Teeple's sentencing memorandum, a DVD attached to the memo, and the testimony of his psychologist)—all of which spoke to Teeple's low risk of recidivism. The record, however, reflects that the district court considered and addressed explicitly Teeple's arguments for a lower sentence and explained that it would not give a great deal of weight to the psychologist's testimony because the psychologist did not appear to have a full picture of Teeple's criminal record or history of substance abuse. This assignment of error is without merit.

## B. Substantive Reasonableness

"'[E]ven if a sentence is calculated properly, i.e. the Guidelines were properly applied and

the district court clearly considered the § 3553(a) factors and explained its reasoning, a sentence can yet be unreasonable.'" *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (quoting *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006)). A sentence may be "substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Ferguson*, 456 F.3d at 664 (quoting *Webb*, 403 F.3d at 385).

Although we afford a sentence within the Guidelines range a presumption of reasonableness, *see Williams*, 436 F.3d at 708, and *Rita*, 127 S.Ct. at 2462, a sentence "falling outside the Guidelines range [is] neither presumptively reasonable nor presumptively unreasonable." *Ferguson*, 456 F.3d at 664-65 (6th Cir. 2006); *see also United States v. Borho*, 485 F.3d 904, 912 (6th Cir. 2007) ("A dramatic downward variance, however, is not per se or even presumptively unreasonable.").

"[W]hen the district court independently chooses to deviate from the advisory guidelines range (whether above or below it), we apply a form of proportionality review: 'the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a)' must be." *United States v. William Davis*, 458 F.3d 491, 496 (6th Cir. 2006) (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)).[1] The district court imposes a substantively unreasonable sentence where it "fail[s] to identify the characteristics peculiar to this defendant that justify the variance." *United States v. Funk*, 477 F.3d 421, 430 (6th Cir. 2007) (citing *United States v. Eura*, 440 F.3d 625, 634 (4th Cir. 2006) ("[A] sentencing court must identify

---

[1]The Supreme Court currently has before it the question of "whether, when determining the 'reasonableness' of a district court sentence under *United States v. Booker*, 543 U.S. 220 (2005), it is appropriate to require district courts to justify a deviation from the United States Sentencing Guidelines with a finding of extraordinary circumstances." *See United States v. Gall*, 446 F.3d 884 (8th Cir. 2006), cert. granted, 127 S. Ct. 2933, 168 L. Ed. 2d 261, 2007 U.S. LEXIS 7525 (2007) (No. 06-7949) (quoting the question presented).

the *individual* aspects of the *defendant's case* that fit within the factors listed in 18 U.S.C. § 3553(a) and, in reliance on those findings, impose a non-Guidelines sentence that is reasonable.")).

While Teeple challenges his sentence as substantively unreasonable, he does not point to specific factors that the district court impermissibly relied upon or failed to consider—rather, he asserts that the facts here simply do not justify a sentence outside the Guidelines. We disagree.

The district court relied on the § 3553(a) factors it had already discussed in finding that Teeple deserved a sentence outside the Guidelines. As we have already noted, the district court highlighted several considerations peculiar to Teeple: (1) Teeple was permitted under a plea agreement to plead guilty to voluntary manslaughter, instead of murder; (2) Teeple has a lengthy criminal record consisting of six juvenile convictions and his burglary conviction as an adult; (3) the court was concerned with protecting the public from further crimes by Teeple (here the district court noted Teeple's pattern of past criminal activity and what appeared to be a relapse into such activity after a 3-4 year hiatus); (4) Teeple has a past history of serious drug abuse, and now admits to having an alcohol problem, for which Teeple needs substance abuse treatment[2]; and (5) Teeple committed a serious crime — he took the life of an unarmed stranger. Moreover, the district court observed that the circumstances indicated that Teeple appeared to have formed some degree of intent when he killed Lyons: Teeple took the knife from the glove box earlier in the evening and carried it into the party with him; he may have been trying to avenge the beating Lyons gave to Teeple's friend, Dan Bennett; and Teeple threw the knife away after the stabbing, as he and his wife fled the scene.

Our review of the record satisfies us that the district court carefully considered all of these

---

[2]While not mentioned expressly by the district court, we reiterate that Teeple consumed 4-5 beers that evening.

9

facts, and in light of them, sentenced Teeple outside the Guidelines. Though the resulting sentence is certainly a substantial variance from the Guidelines range, it certainly does not represent the most extreme variance possible. In *William Davis*, though the advisory Guidelines range was 30 to 37 months, the district court sentenced Davis to one day's imprisonment, mainly because Davis was 70 years old at the time of sentencing and the underlying crimes occurred 14 years earlier. We found the sentence unreasonable and observed "[p]erhaps most problematically, the sentence represents the most extreme variance possible, leaving no room to make reasoned distinctions between Davis's variance and the variances that other, more worthy defendants may deserve." *William Davis*, 458 F.3d at 499. In contrast to the sentence imposed in *William Davis*, Teeple's sentence leaves ample room for the district court to make reasoned distinctions between Teeple's variance and the variances that other more — or less — worthy defendants may deserve.

The district court did not select the sentence arbitrarily, base the sentence on impermissible factors, fail to consider pertinent § 3553(a) factors, or give an unreasonable amount of weight to any pertinent factor. Critically, the district court justified the variance based on relevant § 3553(a) factors as they related to Teeple and his crime. We echo our conclusion in *United States v. Kathman*, 490 F.3d 520, 526 (6th Cir. 2007), which addressed a downward variance outside the Guidelines,

> [w]e find, recognizing that the advisory nature of the guidelines provides greater discretion to the district court, that the variance in this case was not based on impermissible or disfavored factors, properly considered the relevant § 3553(a) factors, and was not the result of an unreasonable amount of weight having been given to any of those factors. In all, we find that the variance, while substantial and requiring proportionally greater explanation, met this standard and was not substantively unreasonable.

### III. CONCLUSION

Accordingly, we **AFFIRM** the district court's sentence.

10