NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0284n.06

No. 18-1047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 31, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BRANDON C. PAUL, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: WHITE, BUSH, and LARSEN, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Brandon Paul pled guilty to one count of being a felon in possession of a firearm and was sentenced to 110 months' imprisonment. Paul appeals, challenging his sentence as unreasonable. We affirm.

**I.**

After an investigation, officers obtained a search warrant for Paul's storage unit and seized sixteen firearms—including assault rifles, shotguns, and firearms that were stolen or had obliterated serial numbers. Paul was indicted on one count of being a felon in possession of a firearm and pled guilty to the charged offense. The United States Probation Office prepared Paul's Presentence Investigation Report (PSR), calculating Paul's total offense level at twenty-six and criminal-history category at V, which yielded an advisory Guidelines range of 110-120 months. Paul did not object to the PSR's Guidelines calculation but argued that his personal background and time he had served for his previous convictions supported a below-Guidelines sentence of

three to five years. After hearing arguments from counsel and Paul's allocution, the district court sentenced Paul at the bottom of the 110- to 120-month Guidelines range.

This appeal followed.

**II.**

Generally, we review "under a deferential abuse-of-discretion standard" whether the district court's sentence was procedurally and substantively reasonable. *United States v. Albaadani*, 863 F.3d 496, 504 (6th Cir. 2017) (quoting *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015)). When considering procedural reasonableness, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Young*, 847 F.3d 328, 370 (6th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If no such error occurred, we next consider a sentence's substantive reasonableness. *Id.* When reviewing for substantive reasonableness, we consider the length of the sentence, asking whether "the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We apply a presumption of reasonableness where, as here, a sentence falls within the Guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Although Paul purports to raise a procedural-reasonableness challenge to his sentence, his brief does not develop any argument on that ground. The government asserts that Paul therefore failed to preserve any challenge to the procedural reasonableness of his sentence, and Paul opted not to file a reply brief challenging the government's argument. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation mark omitted)

(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997))). Further, Paul did not object to the district court's sentence and does not attempt to show how any potential procedural defect constitutes plain error. *See United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) ("Where a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error." (citing *Vonner*, 516 F.3d at 385-86)). Accordingly, we confine our analysis to the substantive reasonableness of Paul's sentence.[1]

Paul argues that the district court "failed to properly consider the true extent Mr. Paul's disadvantaged childhood and the downward variance requested as a result when imposing a reasonable sentence." (Appellant's Br. at 19.) Paul also points out that he has previously been shot twice, as recently as 2015, suggesting that he obtained the firearms for self-defense. The district court, however, adequately addressed Paul's arguments, remarking that Paul's background has "been somewhat tragic," that Paul "has had a very difficult time in life," and that no "person in this courtroom would choose to trade places with him." (R. 35, PID 174.) The district court nevertheless found that a within-Guidelines sentence was appropriate after considering Paul's background along with other relevant § 3553(a) factors, including the nature and circumstances of the offense and Paul's criminal history. In particular, the district court noted that the firearms were discovered only a year and a half after Paul was last discharged from parole, and that

> there really is no explanation for why there would be so many firearms, so many dangerous firearms assembled in one place unless . . . foul play were in mind, that there would be something contemplated in the future that these firearms would be used for. Whether they would be traded for drugs or whether they would be used to perpetrate additional acts of violence, all I can say is that the nature and number of these firearms is nothing but alarming.

---

[1] Paul briefly mentions that his counsel failed to object to the PSR or the Guidelines calculation, but he does not identify any error in the PSR or the Guidelines calculation, and he makes this reference only in the context of arguing that he should be able to raise an ineffective-assistance-of-counsel claim in a post-conviction proceeding. As Paul notes, we generally do not review ineffective-assistance-of-counsel claims on direct appeal, *see United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012), and thus we do not address any potential claim of ineffective assistance of counsel.

(*Id.* at PID 175.)  The district court concluded that "a sentence within the guideline range . . . is entirely appropriate to provide specific deterrence and also protection of society."  (*Id.*)

Paul also asserts that he has a reduced risk of recidivism given his age and the availability of needed mental-health treatment and job training in federal prison under the First Step Act, services that he never received while previously incarcerated.  Thus, he argues that the district court's sentence is unreasonable because the district court failed to appropriately weigh Paul's risk of recidivism.  We disagree.  Although the district court did not specifically address these arguments, Paul never raised them in these terms.  "We cannot find that the sentencing court abused its discretion by failing to consider an argument that Defendant did not raise, particularly where, as here, the court would have been obligated only to consider—not to accept—the argument." *United States v. Embry*, 728 F. App'x 544, 548 (6th Cir. 2018) (citations omitted); *see also United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (rejecting argument that the defendant's sentence was substantively unreasonable because the district court failed to consider the defendant's "status as a father and his enrollment in an electrician training program," explaining that "these mitigating factors, when weighed in light of the totality of the circumstances, are insufficient to rebut the presumption that his within Guidelines sentence was substantively reasonable" (citing *United States v. Saffore*, 216 F. App'x 531, 536 (6th Cir. 2007))).

In short, the district court did what was required: it analyzed applicable sentencing factors, "considered the parties' arguments[,] and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted).  Giving "due deference to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors," *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2012)), we are not

persuaded that the sentence is greater than necessary to achieve § 3553(a)'s sentencing goals and find no abuse of discretion.

## III.

For the reasons set out above, we **AFFIRM**.